# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| ROBERTA DULFON, | |
| Plaintiff, | Case No. 2:12-CV-00905-KJD-PAL |
| v. | **ORDER** |
| DOES I-X, and ROE CORPORATIONS I-X, inclusive, | |
| Defendants. | |

On October 7, 2013 this Court ordered Plaintiff to file a status report in this matter within thirty days, and gave Plaintiff notice that failure to file would constitute consent to dismiss the action (#17). The most recent filing in this matter remains Plaintiff's Amended Complaint (#16) filed on August 31, 2012.

"District courts have inherent power to control their dockets and may impose sanctions, including dismissal, in the exercise of that discretion." Oliva v. Sullivan, 958 F.2d 272, 273 (9th Cir. 1992). However, because dismissal is a severe remedy, the Ninth Circuit has required the Court to consider the following five factors prior to a sua sponte dismissal: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions. Thompson v. Hous. Auth. of City of Los Angeles, 782 F.2d 829,

831 (9th Cir. 1986). In considering alternatives to dismissal the following questions must be considered: (1) Did the court explicitly discuss the feasibility of less drastic sanctions and explain why alternative sanctions would be inadequate? (2) Did the court implement alternative methods of sanctioning or curing the malfeasance before ordering dismissal? (3) Did the court warn the plaintiff of the possibility of dismissal before actually ordering dismissal? Hamilton Copper & Steel Corp. v. Primary Steel, Inc., 898 F.2d 1428, 1430 (9th Cir. 1990).

In this case the public interest is best served by ensuring that an apparently abandoned case no longer consumes the Court's resources and delays the resolution of other disputes. Further, as no defendants have been identified, there are no merits upon which the Court could dispose of the case. While the Court could impose monetary or other sanctions which might be considered "less drastic," the Court feels that such sanctions would almost certainly be more drastic than dismissal here, where no known defendants exist and Plaintiff appears to have abandoned her claims. The Court already ordered Plaintiff to file a status report in order to cure the failure to prosecute, and Plaintiff has failed to comply. Further, as noted above, the Court explicitly warned Plaintiff that failure to file the status report would constitute consent to dismiss the case.

Accordingly, for all of the above reasons, the Court **HEREBY DISMISSES** this action.

DATED this 7th day of November 2013.

_____
Kent J. Dawson
United States District Judge